IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS DANIEL,<br><br>            Petitioner,<br><br>v.<br><br>ROBERT L. AYERS, Warden,<br><br>            Respondent.<br>_____ | No. C 07-01972 SBA (pr)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED, REQUIRING ELECTION BY PETITIONER REGARDING MIXED PETITION, AND DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket no. 5) |

## INTRODUCTION

Petitioner Demetrius Daniel, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner requests appointment of counsel "due to the complexities of this issue." (Pet. at 9.) The Court ordered Respondent to show cause why the writ should not be granted.

Respondent Robert Ayers filed a motion to dismiss the petition as not fully exhausted. Petitioner filed an opposition, and Respondent filed a reply.

Having considered the papers submitted, Respondent's motion to dismiss is GRANTED, and Petitioner's request for appointment of counsel is DENIED. Petitioner is now required to elect how to proceed with respect to his unexhausted claims.

## BACKGROUND

According to the petition, the facts of Petitioner's imprisonment offense are as follows:

> On November 27, 1987, Petitioner Demetrius Daniel, and two of his friends went out, and co-defendant Freddy Eaves, wanted to get a car. They went out looking for a car to steal . . . from someone. Petitioner's co-defendant Eaves was armed with a gun. Petitioner and his accomplices followed the victim Kenneth Day into a car-wash area. Co-defendant Eaves got out of the car and went to the victim's car and shot the victim in the back of the head. Eaves then jumped in the victim's car and drove off in it . . . . Petitioner was distraught over the crime and turned himself in . . . . Petitioner plead guilty to second degree murder and was sentenced to fifteen (15) years to life with the possibility of parole.

(Pet. at 1.)

1   On February 10, 2005, the Board of Parole Hearings[1] (Board) found Petitioner suitable for parole. (Pet'r Ex. B.) The Governor of California reversed that decision on June 13, 2005. (Pet'r Ex. C.) On February 7, 2006, Petitioner underwent another parole suitability hearing, and the Board found him unsuitable for parole. (Pet'r Ex. D.)

Petitioner filed a habeas petitions in the Los Angeles County Superior Court, which was denied on July 14, 2006. Petitioner filed a habeas petition in the California Court of Appeal, which was denied on November 13, 2006. (Resp't Ex. 1.) Petitioner's petition for review in the California Supreme Court was denied on February 7, 2007. (Resp't Ex. 2.)

Petitioner filed the instant petition on April 6, 2007. It contains six claims: (1) the Board violated Petitioner's due process rights when it denied parole without "some evidence;" (2) the denial of parole by the Board was arbitrary and capricious; (3) the Board violated Petitioner's due process rights by using regulations that contain vague criteria; (4) the Board violated Petitioner's plea agreement; (5) the Board violated the doctrines of res judicata and collateral estoppel when it re-litigated factors and reversed findings decided at previous hearings; and (6) the superior court failed to give the petition a fair and meaningful review.

## **DISCUSSION**

### **I.    Background**

Respondent moves to dismiss the petition on the ground that Petitioner failed to exhaust his state judicial remedies because he failed to raise a number of his claims before the California Supreme Court. The unexhausted claims include claims three, four and six: the vagueness claim; the plea agreement claim; and the meaningful review claim. (Mot. to Dismiss at 4.) Respondent also contends that "arguably, [Petitioner] also did not allege to the California Supreme Court that the Board violated due process when it denied parole without some evidence, but narrowed his claim to the contention that the Board was estopped from relying on evidence previously used to find him suitable." (Id.)

In his opposition, Petitioner contends he raised the "some evidence" claim, the "arbitrary and

---

[1] The Board of Prison Terms was abolished effective July 1, 2006, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

2

1 capricious" claim, and the collateral estoppel/res judicata claim, but effectively concedes he did not
2 raise the others. (Opp'n at 2.)

## II.     Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (Petitioner must invoke "one complete round of the state's established appellate review process.")

A petition that contains both exhausted and unexhausted claims is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). A federal district court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose, 455 U.S. at 522. However, instead of dismissing the action, the court must instruct the petitioner to choose between two alternatives: (1) he can dismiss his unexhausted claims and proceed in federal court only with his exhausted claims; or (2) he can request the district court to dismiss the entire petition without prejudice so he can exhaust his unexhausted claims in state court before filing a new exhausted petition in federal court. See Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005). In addition, the United States Supreme Court has held that a district court may stay a mixed habeas petition in order to allow the petitioner to exhaust his unexhausted claims in state court. See Rhines, 544 U.S. at 277. However, a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Moreover, where granting a stay, the district court must effectuate the timeliness concerns of 28 U.S.C. § 2244(d) by placing "reasonable time limits on a petitioner's trip to state court and back." Id. at 277. A

3

petitioner need not delete his unexhausted claims before asking the district court to issue a stay. See Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

**III.   Analysis**

    **A.   Exhaustion**

The record shows that Petitioner failed to raise the vagueness claim, the plea agreement claim, and the meaningful review claim (claims three, four and six) before the state's highest court. Therefore, these claims are unexhausted.

The parties agree that both the "arbitrary and capricious" claim and the res judicata/collateral estoppel claim (claims two and five) were properly raised in the petition for review; therefore, they are exhausted.

There is disagreement, however, concerning the "some evidence" claim (claim one). Respondent contends that Petitioner failed to raise a "some evidence" argument because he "narrowed his claim to the contention that the Board was estopped from relying on evidence previously used to find him suitable." (Mot. to Dismiss at 4.) Respondent's argument is tenuous. The petition for review contains references to the "some evidence" standard and citations to relevant case law. Section I-B of the petition for review is entitled "The Commitment Offense and Social History Prior to Incarceration are Insufficient to Support the Finding of Unsuitability." (Resp't Ex. 1 at 10.) The section contains citations to all of the relevant cases dealing with the "some evidence" standard and the application of their rules to Petitioner's case, including: Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003); In re Dannenberg, 34 Cal. 4th 1061 (2005); Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006); In re Rosencrantz, 29 Cal. 4th 616 (2002); Superintendent v. Hill, 472 U.S. 445 (1985); and Martin v. Marshall, 472 U.S. 445, 457 (1985). For example, Petitioner cites relevant language from Biggs, in support of his due process claim, which states: "a continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." (Resp't Ex. 1 at 10.)   While Petitioner does allege the Board should be estopped from relying upon the same evidence to support a different decision, he also claims the Board's 2006 decision was not supported by "some evidence," especially

in light of the fact they had previously issued a contrary ruling. (Id. at 14.) Therefore, the Court concludes Petitioner did exhaust his "some evidence" claim before the California Supreme Court.

Because Petitioner has presented a mixed petition, Respondent's motion to dismiss is GRANTED.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to:

(1) Dismiss the unexhausted claims (claims three, four and six) and go forward in this action with only the exhausted claims (claims one, two and five); or

(2) Terminate this action and return to state court to exhaust all of his claims before filing a new federal habeas action containing a petition with only exhausted claims; or

(3) Request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If Petitioner chooses this option, he will be required to show that there was good cause for his failure to exhaust the claims in state court and that they are potentially meritorious claims.

Petitioner is cautioned that each of the choices has risks which he should take into account in deciding with which to proceed. If he chooses option (1) and goes forward with only his exhausted claims, any subsequent federal habeas petition he might file would be subject to dismissal as a second or successive petition. See 28 U.S.C. § 2244(b). If he chooses option (2), terminating this action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be dismissed as untimely. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls;

1 therefore, this Court will do nothing further to resolve the case while Petitioner is seeking relief in
2 state court.

3 As mentioned above, in <u>Rhines</u>, the United States Supreme Court discussed the stay-and-
4 abeyance procedure for mixed habeas petitions and cautioned district courts against being too liberal
5 in allowing a stay because a stay works against several of the purposes of the AEDPA in that it
6 "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the
7 resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas
8 proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to
9 filing his federal petition." <u>Rhines</u>, 544 U.S. at 277.  Any stay must be limited in time to avoid
10 indefinite delay.  <u>Id.</u>  Reasonable time limits would be thirty days to get to state court, as long as
11 necessary in state court, and thirty days to return to federal court after the final rejection of the
12 claims by the state court.  <u>See id.</u> at 278; <u>Kelly v. Small</u>, 315 F.3d 1063, 1071 (9th Cir. 2003), <u>cert.
13 denied</u>, 538 U.S. 1042 (2003).  Therefore, Petitioner must act diligently to pursue his claims in the
14 California Supreme Court and to notify this Court within thirty days of the California Supreme
15 Court's final decision.  <u>See Kelly</u>, 315 F.3d at 1071.  A failure by Petitioner to act with diligence
16 could result in the Court's dismissal of the newly exhausted claims.

17 Petitioner must notify the Court of his choice within **thirty (30) days** from the date of this
18 Order, as set forth below.  His failure to do so will result in the dismissal of this petition without
19 prejudice for failure to exhaust state judicial remedies.

20 **B.     Request for Appointment of Counsel**

21 Petitioner has requested appointment of counsel.  Petitioner argues the underlying claims in
22 the petition are sufficiently complex that appointment of counsel is warranted.  Any discussion of
23 the merits of the claims is premature, however, because the petition is unexhausted.  The Court has
24 explained thoroughly in this Order the exhaustion status of the petition, and Petitioner's options with
25 respect thereto.  The decision he must make is not unduly complex.

26 Furthermore, the Sixth Amendment right to counsel does not apply in habeas corpus actions.
27 <u>See Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B),
28 however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the

6

court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966).

Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED.  Should Petitioner elect to proceed only with his exhausted claims, this denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

## CONCLUSION

For the foregoing reasons,

1.       The Court GRANTS Respondent's motion to dismiss (docket no. 5) and directs Petitioner to make an election on how to proceed with his action.  Within **thirty (30) days** of the date of this Order, Petitioner must serve on Respondent and file with the Court a statement of his intent either (1) to dismiss the unexhausted claims and go forward in this action with only the remaining claims, (2) to terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present all of his claims in a new petition, or (3) to request a stay of these proceedings while he exhausts his state judicial remedies.  If he chooses option (3), he must explain why he failed to exhaust his unexhausted claim previously in state court and why the claim is potentially meritorious.

7

1  **If Petitioner fails to comply with this Order, this action will be dismissed without**
2  **prejudice to Petitioner filing a new federal habeas action containing a petition with only**
3  **exhausted claims.**
4      2.    Petitioner's request for appointment of counsel is DENIED.
5      3.    This Order terminates Docket no. 5.
6      IT IS SO ORDERED.
7  DATED: 7/29/08

                                      SAUNDRA BROWN ARMSTRONG
8                                        United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS DANIEL,

        Plaintiff,

  v.

ROBERT L. AYERS et al,

        Defendant.
                                        /

Case Number: CV07-01972 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrius Daniel E-03098
San Quentin State Prison
San Quentin, CA 94964

Dated: July 30, 2008

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Daniel1972.MTD(exh).frm 9